

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                      :
JOSE R. VAZQUEZ,                                      :     06 CV 402 (ARR)
                                                      :
                              Plaintiff,              :     NOT FOR ELECTRONIC
                                                      :     OR PRINT
        -against-                                     :     PUBLICATION
                                                      :
JO ANNE B. BARNHART, Commissioner of Social           :     OPINION AND ORDER
Security,                                             :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------------------ X

ROSS, United States District Judge:

Plaintiff pro se Jose R. Vazquez ("Vazquez" or "plaintiff") brought this action pursuant

to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of the Social

Security Administration ("SSA" or "Commissioner"), dated January 25, 2006, finding plaintiff

ineligible for Disability Insurance ("DI") benefits under Title XVI of the Social Security Act,

42 U.S.C. §§ 1381-1383f. Plaintiff initiated this action by complaint filed on January 25,

2006. Defendant has moved to dismiss the complaint, and plaintiff has failed to submit any

opposition. For the reasons stated below, the court dismisses the instant action for lack of

subject-matter jurisdiction.

## BACKGROUND

Plaintiff applied to the SSA for DI benefits and Supplemental Social Security Income

("SSI") on December 27, 2004. (Speights Decl. ¶ 3(a).) On his application, plaintiff listed his

address as 485 Harman Street, Apartment 2R, Brooklyn, New York 11237. (Id.) On April 28,

2005, the SSA sent notification to plaintiff at the address provided in his application that his

1

application for DI benefits was denied. (Id. ¶ 3(b).) The notice of denial advised plaintiff that

he had 60 days to appeal the denial of his benefits application by requesting a hearing before an

Administrative Law Judge ("ALJ"). (Id.)

On August 31, 2005, plaintiff filed a request for a hearing before an ALJ. (Speights

Decl. ¶ 3(c).) In the request, plaintiff noted that his address was 485 Harman Street,

Apartment 2R, Brooklyn, New York 11237. (Id.) On September 24, 2005, the ALJ dismissed

plaintiff's request for a hearing was untimely and plaintiff had failed to show good cause for

his failure to meet the deadline. (Id. ¶ 3(e).) The ALJ's decision was mailed to plaintiff at 485

Harman Street, Apartment 2R, Brooklyn, New York 11237. (Id. Ex. 5 at 1.)

On November 25, 2005, plaintiff filed a request to review the ALJ's dismissal.

(Speights Decl. ¶ 3(f).) Plaintiff claimed that the basis for his appeal was that he, in fact, had

good cause for filing an untimely request for a hearing because he had never received the

initial notice of denial. (Id. Ex. 6 at 1.) More specifically, plaintiff claimed that the notice of

denial was sent to his old address because he had moved into a new apartment on January 1,

2005. (Id.) As evidence of his move, plaintiff included a copy of his apartment lease in his

request for an appeal. (Id. Ex. 6 at 2.) However, the lease shows that plaintiff signed a new

two-year lease on December 7, 2004 to continue living in his apartment at 485 Harman Street,

Brooklyn, New York 11237 from January 1, 2005 to December 31, 2006. (Id.) On January

18, 2006, the Appeals Council denied plaintiff's request to review the ALJ's dismissal of

plaintiff's hearing request. (Speights Decl. 3(h).)

Plaintiff filed the instant action seeking review of the Commissioner's decision denying

DI and SSI benefits on January 25, 2006.

## DISCUSSION

Presently before the court is a motion by the Commissioner to dismiss the plaintiff's action based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In particular, the Commissioner claims that the plaintiff has failed to exhaust his administrative appeal remedies with respect to his claim for benefits. The Commissioner argues that plaintiff has thus not received a "final decision" of the Commissioner that is required to obtain judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Rule 12(b)(1) provides for the dismissal of a claim where a federal court "lacks jurisdiction over the subject matter" of the action. In considering a Rule 12(b)(1) motion, a court must assume that all factual allegations in the complaint are true and must draw all reasonable inferences in the light most favorable to the plaintiff. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). In support of its motion, the Commissioner submits a declaration by Yvonne K. Speights, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration. The court may consider this material because "[o]n a motion under 12(b)(1) challenging the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), vacated on other grounds, 505 U.S. 1215 (1992).

"A district court's subject matter jurisdiction over the denial of Social Security disability benefits is limited." Smith v. Barnhart, 293 F. Supp.2d 252, 254 (E.D.N.Y. 2003).

Under 42 U.S.C. § 405(g), a plaintiff may only obtain judicial review of a "final decision" of the Commissioner. While "final decision" is not defined by statute, Social Security regulations explicitly set forth the administrative remedies available to an aggrieved claimant. 20 C.F.R. § 404.900(a). Under these regulations, following the initial determination of his claim, the plaintiff has the opportunity to seek a hearing before an ALJ, 20 C.F.R. §§ 404.933, 404.936, 404.955, and to have that determination reviewed by the Appeals Council. 20 C.F.R. § 404.968. The Appeals Council may either grant the request for review and issue its own decision or deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. See 20 C.F.R. § 404.981. After receiving the "final decision" of the Appeals Council, the claimant may then properly seek judicial review of this decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id.; see also 42 U.S.C. § 405(g). Thus, under the Act and the regulations, a claimant may only seek judicial review from a district court if he completes the administrative appeals process and receives either a decision by the Appeals Council or a notice from the Appeals Council denying the request for review. Exhaustion of administrative procedures is a well-established prerequisite to judicial review. Mathews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995).

In the instant case, plaintiff failed to file a timely request for review of the Commissioner's initial determination to deny benefits. Thus, plaintiff never had a hearing before the ALJ nor did the Appeals Council issue a "final decision." Denial of plaintiff's untimely request for review does not constitute a "final decision" within the meaning of § 405(g). See Rivera v. Apfel, No. 01 Civ. 0752, 2001 WL 699065, at *2-3 (S.D.N.Y. June 21,

4

2001) ("It is well settled in the Second Circuit that the Appeals Council may dismiss untimely requests for review and that such dismissals do not constitute "final decisions" within the meaning of § 405(g)."). Thus, the court lacks subject matter jurisdiction to review plaintiff's complaint because plaintiff has not exhausted his administrative remedies.

The exhaustion requirement may be waived "by the Commissioner, or, in appropriate circumstances, by the Court." Mathews, 891 F. Supp. at 188. The Commissioner has not waived the exhaustion requirement in the instant case, however, and the court finds that plaintiff has failed to present any facts suggesting that he is entitled to a waiver of the generally applicable exhaustion requirement. See Smith v. Schewiker, 709 F.2d 777, 780 (2d Cir. 1983) ("A waiver of the exhaustion requirement may be inferred where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate.").

## CONCLUSION

For the foregoing reasons, the court finds that it lacks subject matter jurisdiction over the instant action. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 14, 2006
      Brooklyn, New York

SERVICE LIST:

*Pro Se* Plaintiff
Jose R. Vazquez
485 Harman Street
Apt. 2R
Brooklyn, NY 11237

Attorney for Defendant
Zachary A. Cunha
United States Attorneys Office
One Pierrepont Plaza
Brooklyn, NY 11201